IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

Plaintiff,

vs.                             Case No. 15-10012-JTM

MARK ANTHONY WIREMAN,

Defendant.

MEMORANDUM AND ORDER

Defendant Anthony Wireman has moved to vacate his sentence under 28 U.S.C. § 2255, setting forth a single argument: that his counsel was ineffective in failing to present evidence of mitigation. (Dkt. 59, ¶ 12). In light of the record, the court finds that Wireman's conclusory argument is wholly without merit, and accordingly denies the motion.

The Indictment charged Wireman with five counts of distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2) and (b)(1) and one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). The defendant pled guilty to all six counts. The plea was free and voluntary. (Dkt. 31, ¶¶ 5, 19, 20, 23, 25). The Presentence Investigation Report determined that Wireman's presumptive advisory sentence was 210 to 262 months imprisonment, based on a Total Offense Level of 34 and

Criminal History Category of IV. Contrary to his present argument asserting that counsel was deficient, the defendant on November 10, 2015 moved for a downward variance which included evidence of mitigation. (Dkt. 39).

The court sentenced the defendant to 240 months imprisonment, with a 10 year period of supervised release. (Dkt. 41).

Wireman appealed his sentence. During the appeal he expressly indicated he was satisfied with the performance of his trial attorney, and again cited evidence of mitigation. The Tenth Circuit affirmed the defendant's sentence and conviction, explicitly observing during its opinion that trial counsel for the defendant had argued for a reduced sentence based on mitigating factors. *See United States v. Wireman*, 849 F.3d 956, 960 (10th Cir. 2017) (Wireman's sentencing memorandum "argued ... that his individual circumstances—including a traumatizing childhood where he was repeatedly sexually abused by family members and the fact that in this instance he shared a relatively small amount of child pornography with only one of his friends—warranted a downward variance").

As indicated above, the defendant repeatedly emphasized in his request to plead guilty that his decision was free and voluntary. Further, by careful and detailed colloquy during the plea hearing, the court ensured that defendant understood all the charges against him, and that he was freely and voluntarily pleading guilty. (Dkt. 54, at 10-12). Wireman understood the effect of his plea, and all the rights he was waiving. (*Id*. at 16-19). He understood the potential sentence. (*Id*. at 14-15). He pled guilty because he was guilty,

and made his decision freely. (*Id.* at 22-23).

The defendant having freely and voluntarily pled guilty, the resulting judgment is not subject to collateral attack. *See United States v. Broce*, 488 U.S. 563, 569 (1989); *Crow v. United States*, 397 F.2d 284, 285 (10th Cir. 1968). The defendant's claim of ineffective assistance of counsel does not warrant any different result, since the defendant fails to show either that counsel was actually deficient in any particular way, or that any different approach would have yielded a different result. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (defendant must show both that counsel's deficient performance was "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment [and] that counsel's errors were so serious as to deprive the defendant of a fair trial").

The defendant when he pled guilty was satisfied with counsel's performance. (Dkt. 54, at 9). As noted above, the defendant's counsel actively argued for a reduced sentence based on mitigating factors. (Dkt. 49, at 26-35). Counsel was in no way deficient. Further, no prejudice resulted to the defendant, as the sentence imposed by the court was fair and appropriate under all the circumstances of the case. (Dkt. 49, at 35-40). There is no reasonable probability that different counsel would have obtained a better result. *See United States v. Ruth*, 100 F.3d 111, 113 (10th Cir. 1996).

Given the fair, appropriate and just sentence, the court hereby denies the defendant's request for relief. *See Hill v. United States*, 368 U.S. 424, 428 (1962) (Section 2255 is a vehicle for relief where defendant shows "a fundamental defect which inherently

results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure"). The record before the court establishes that defendant is not entitled to the requested relief.

In addition, the court will not issue a certificate of appealability under 28 U.S.C. § 2253(c)(1)(B). Such a certificate may be granted only if defendant makes a substantial showing of denial of a constitutional right or raises an issue that is debatable among jurists of reason or deserving of further proceedings. As noted above, the record shows conclusively that the defendant is not entitled to the relief sought. The court also denies defendant's request for appointment of counsel (Dkt. 61), finding that the defendant's underlying argument lacks merit, and appointment of counsel could yield no different result.

IT IS ACCORDINGLY ORDERED this 12th day of October, 2017, that defendant's Motion to Proceed In Forma Pauperis (Dkt. 60) is granted; his Motions to Vacate (Dkt. 59) and for Appointment of Counsel (Dkt. 61) are denied. No Certificate of Appealability will issue.

                                                                                        ___s/ J. Thomas Marten_____
                                                                                        J. THOMAS MARTEN, JUDGE